## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MANGANARO NORTHEAST, LLC | : | CIVIL ACTION NO. |
| Plaintiff, | : | |
| VS. | : | |
| THE FUSCO CORPORATION | : | |
| Defendant. | : | April 10, 2018 |

### COMPLAINT

### Jurisdiction and Venue

1.      This Court has jurisdiction pursuant to 28 U.S.C. § 1332, diversity of citizenship between parties.

2.      This Court has jurisdiction pursuant to 28 U.S.C. § 1332, where the amount in controversy exceeds $75,000.

3.      Pursuant to 28 U.S.C. § 1391, venue is appropriate because, among other things, the transactions giving rise to this claim occurred in this district; the services, equipment and materials underlying the money damages claims were furnished in this district and the construction projects which are the subject of this lawsuit are located in this district.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103


HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

## Parties

4.      Plaintiff, Manganaro Northeast, LLC ("Manganaro") was and is a Massachusetts limited liability company licensed to operate in Connecticut with a primary place of business located in Woburn, Massachusetts.

5.      The defendant, The Fusco Corporation ("Fusco") is incorporated in the State of Connecticut with a place of business located in New Haven, Connecticut 06511.

## Facts

6.      This lawsuit arises out of two separate construction projects known as the Engineering and Science University Magnet School located at 500 Boston Post Road in West Haven, Connecticut ("ESUMS Project") and the UConn Engineering and Science Building located at the University of Connecticut, Storrs, Connecticut ("UConn ESB Project").

7.      At all times relevant to this matter, Fusco was and is a general contractor engaged in commercial construction.

8.      Manganaro is a commercial contractor that performs among other things, installation of drywall.

9.      Fusco entered into a contract with the owner, City of New Haven to act as the general contractor for the ESUMS Project.

10.      Fusco entered into a contract with the owner, University of Connecticut to act as the general contractor for the UConn ESB Project.

11.    To facilitate construction of both projects Fusco engaged various subcontractors to perform work.

12.    For the ESUMS Project Manganaro entered into a subcontract with Fusco on or about August 16, 2015 ("ESUMS Subcontract") whereby Manganaro agreed to perform certain General Trades work as further defined in the Subcontract as Bid Package #9A.

13.    For the UConn ESB Project Manganaro entered into a subcontract with Fusco on or about August 25, 2015 ("UConn ESB Subcontract") whereby Manganaro agreed to perform certain General Trades work as further defined in the UConn ESB Subcontract as Bid Package 6.0 General Trades.

14.    At all times relevant hereto, Manganaro performed all its obligations in full accordance with both the ESUMS Subcontract and the UConn ESB Subcontract.

## Count One (Breach of ESUMS Subcontract)

15.    Manganaro repeats and restates the allegations contained in paragraphs 1 through 14 as if fully set forth herein

16.    Fusco breached the ESUMS Subcontract by one or more of the following:

a.    Directing Manganaro to perform additional work outside the scope of the ESUMS Subcontract caused by design deficiencies, design changes and/or design clarifications and Fusco's failure to provide timely information related to Manganaro's work and then refusing to pay Manganaro for such work;

b.    Failing to properly coordinate its work and the work of other subcontractors which forced Manganaro to incur additional costs for lost productivity,

delays and out of sequence work.  Manganaro's lost productivity, delays and out of

sequence work were not contemplated by the parties, they were caused by Fusco's

willful conduct, and/or resulted from Fusco's breach of fundamental obligations in the

ESUMS Subcontract;

    c.  Failing to provide adequate and timely site access for Manganaro

to complete its work;

    d.  Directing Manganaro to repair areas that were damaged by other

trade contractors for which Manganaro was not responsible and then refusing to pay

Manganaro for such additional work;

    e.  Failing to accurately apportion the scope of work for the ESUMS

Project among the subcontractors it hired, directing Manganaro to perform work outside

the scope of the ESUMS Subcontract and then refusing to pay Manganaro for it; and,

    f.  Failing to comply with its implied obligation of good faith and fair

dealing in its response to Manganaro's claims for additional payments.

   17.  Manganaro incurred costs to perform the additional work described above

and is entitled to payment for all such work.

   18.  Notwithstanding Manganaro's performance of its obligations under the

ESUMS Subcontract, Fusco has refused to pay Manganaro the amount due for

performing additional work on the ESUMS Project.

   19.  As a direct result of Fusco's material breaches of the ESUMS Subcontract

as described above, Manganaro has incurred financial damages well in excess of

$75,000 for which Fusco is liable.

**COUNT TWO** (Unjust Enrichment on ESUMS Project)

20.     Manganaro incorporates by reference all the allegations contained in the preceding paragraphs 1 – 19 as though fully rewritten herein.

21.     Manganaro performed work on the ESUMS Project at the direction and subject to the control of Fusco.

22.     Manganaro provided services to Fusco which benefitted Fusco.

23.     Manganaro furnished services with the expectation that it would be paid for the work it provided.

24.     Fusco knew that Manganaro expected to paid for its work.

25.     Fusco unjustly benefitted from the work provided by Manganaro.

26.     Fusco unjustly refused to pay for the work provided by Manganaro.

27.     Manganaro is owed the reasonable value of services it provided to Fusco.

**COUNT THREE**  (Violation of CUTPA on ESUMS Project)

28.     Manganaro incorporates by reference all the allegations contained in the preceding paragraphs 1 – 27 as though fully rewritten herein.

29.     At all times material hereto Fusco conducted trade or commerce as defined in Conn. Gen. Stat. § 42-110a *et seq*. ("CUTPA").

30.     During the course of the ESUMS Project Fusco intentionally and in bad faith delayed its response to Manganaro's claims for compensation for additional work and/or refused in bad faith to pursue payment for same from the Owner of the project in an attempt to undermine Manganaro's legitimate claims.

31.    Fusco, in bad faith, unilaterally and without valid substantiation, charged Manganaro for a variety of repair, punchlist and other costs for which Manganaro is not responsible to undermine Manganaro's legitimate claims.

32.    Fusco, in bad faith, selectively refused to enforce contract provisions in other subcontracts and instead charged Manganaro for work which was the responsibility of others.

33.    Fusco, in bad faith, generated false back charges at the end of the ESUMS Project in an attempt to force Manganaro to accept less payment for work completed that is justly due Manganaro.

34.    Based on the foregoing, Fusco engaged in unfair acts and practices in the conduct of its business in violation of Conn. Gen. Stat. § 42-110b(a).

35.    The foregoing conduct is immoral, unethical, oppressive and unscrupulous and constitutes an unfair or deceptive practice in violation of Conn. Gen. Stat. § 42-110b(a)

36.    As a result of the foregoing Manganaro has suffered an ascertainable loss.

### Count Four (Breach of UConn ESB Subcontract)

37.    Manganaro repeats and restates the allegations contained in paragraphs 1 through 36 as if fully set forth herein

38.    Fusco breached the UConn ESB Subcontract by one or more of the following:

a.      Directing Manganaro to perform additional work outside the scope of the UConn ESB Subcontract caused by design deficiencies, design changes and/or design clarifications and Fusco's failure to provide timely information related to Manganaro's work and then refusing to pay Manganaro for such work;

b.      Failing to properly coordinate its work and the work of other subcontractors which forced Manganaro to incur additional costs;

c.      Charging Manganaro for work for which it was not responsible to reduce payment justly due.

d.      Directing Manganaro to repair areas that were damaged by other trade contractors for which Manganaro was not responsible and then refusing to pay Manganaro for such additional work;

e.      Failing to accurately apportion the scope of work for the UConn ESB Project among the subcontractors it hired, directing Manganaro to perform work outside the scope of the UConn ESB Subcontract and then refusing to pay Manganaro for it; and,

f.      Failing to comply with its implied obligation of good faith and fair dealing in its response to Manganaro's claims for additional payments.

39.     Manganaro incurred costs to perform the additional work described above and is entitled to payment for all such work.

40.     Notwithstanding Manganaro's performance of its obligations under the UConn ESB Subcontract, Fusco has refused to pay Manganaro the amount due for performing additional work on the UConn ESB Project.

41.     As a direct result of Fusco's material breaches of the UConn ESB Subcontract as described above, Manganaro has incurred financial damages well in excess of $75,000 for which Fusco is liable.

**COUNT FIVE** (Unjust Enrichment on UConn ESB Project)

42.     Manganaro incorporates by reference all the allegations contained in the preceding paragraphs 1 – 41 as though fully rewritten herein.

43.     Manganaro performed work on the UConn ESB Project at the direction and subject to the control of Fusco.

44.     Manganaro provided services to Fusco which benefitted Fusco.

45.     Manganaro furnished services with the expectation that it would be paid for the work it provided.

46.     Fusco knew that Manganaro expected to paid for its work.

47.     Fusco unjustly benefitted from the work provided by Manganaro.

48.     Fusco unjustly refused to pay for the work provided by Manganaro.

49.     Manganaro is owed the reasonable value of services it provided to Fusco.

**COUNT SIX** (Violation of CUTPA on UConn ESB Project)

50.     Manganaro incorporates by reference all the allegations contained in the preceding paragraphs 1 – 49 as though fully rewritten herein.

51.     At all times material hereto Fusco conducted trade or commerce as defined in Conn. Gen. Stat. § 42-110a *et seq*. ("CUTPA").

52.     During the course of the UConn ESB Project Fusco intentionally and in bad faith delayed its response to Manganaro's claims for compensation for additional

work and/or refused in bad faith to pursue payment for same from the Owner of the project in an attempt to undermine Manganaro's legitimate claims.

53.    Fusco, in bad faith, unilaterally and without valid substantiation, charged Manganaro for a variety of costs for which Manganaro is not responsible to undermine Manganaro's legitimate claims.

54.    Fusco, in bad faith, selectively refused to enforce contract provisions in other subcontracts and instead charged Manganaro for work which was the responsibility of others.

55.    Fusco, in bad faith, generated false back charges at the end of the UConn ESB Project in an attempt to force Manganaro to accept less payment for work completed that is justly due Manganaro.

56.    Based on the foregoing, Fusco engaged in unfair acts and practices in the conduct of its business in violation of Conn. Gen. Stat. § 42-110b(a).

57.    The foregoing conduct is immoral, unethical, oppressive and unscrupulous and constitutes an unfair or deceptive practice in violation of Conn. Gen. Stat. § 42-110b(a)

58.    As a result of the foregoing Manganaro has suffered an ascertainable loss.

## Demand for Relief

WHEREFORE, Plaintiff claims:

    a.     Compensatory / monetary damages and interest for all Counts;

    b.     Attorney's fees, costs and punitive damages pursuant to Conn. Gen. Stat.

§42-110g as to Counts Three and Six;

    c.     Costs as to all Counts;

    d.     Interest pursuant to Conn. Gen. Stat. § 37-3a as to all Counts; and

    e.     Such other and further relief as this Court may deem just and equitable.


                    **MANGANARO NORTHEAST, LLC**
                    **PLAINTIFF**

                    By _____
                     William S. Wilson, II, Esq. of
                     Fed. Bar No. ct17616
                     HALLORAN & SAGE, LLP
                     Its attorneys
                     225 Asylum Street
                     Hartford, CT 06103
                     wilson@halloransage.com